# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO.:

TERRY LUBIN,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERRY LUBIN ("Mr. Lubin" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from AMERICAN EXPRESS COMPANY ("Amex" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

3. Defendant is a foreign profit corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from July 19, 2004, until his termination on January 16, 2020.

8. In April of 2016 Plaintiff was promoted to Team Leader.

9. Mr. Lubin suffered from pneumonia, a serious health condition, during his time of employment with Amex.

10. In mid-September of 2019, Mr. Lubin immediately informed his Amex supervisor, Service Delivery Leader, Mark Savory, of his serious health condition.

11. Mr. Savory permitted Mr. Lubin to work in various conference rooms on Amex's premises, physically distant from his Team, out of an abundance of caution and a fear of spreading any malady to his Team.

12. In November of 2019, complications arising from his pneumonia caused one of his lungs to be engulfed in fluid.

13. At this point, since Mr. Lubin could barely breath, on November 20, 2019, fearing the problem was spreading to his other lung, he was admitted to the intensive care unit ("ICU") and received a procedure to drain his lung.

14. Mr. Lubin kept Mr. Savory apprised of his serious health condition and his procedure to treat and address.

15. As a result of his hospitalization, Mr. Lubin applied for, and was granted, a period of continuous leave pursuant to the FMLA in order to treat, address, and recover from his serious health condition.

16. His approved dates for continuous FMLA leave were from November 20, 2019, until January 16, 2020.

17. Mr. Lubin did avail himself to continuous FMLA leave due to his serious health condition.

18. Mr. Lubin returned to work at Amex on January 16, 2020.

19. At that time, Mr. Savory directed Mr. Lubin to speak with Amex's Employee Relations Department.

20. During the ensuing conversation, on January 16, 2020, American Express informed Mr. Lubin that it had decided to terminate his employment, effective immediately.

21. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Lubin notifying Amex of his serious health condition, and in retaliation for Mr. Lubin utilizing leave pursuant to the FMLA in order to treat and address same.

22. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

23. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

24. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

25. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

26. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA leave.

27. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

28. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

29. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by terminating his employment immediately following his use of FMLA, and refusing to allow Plaintiff to continue to exercise his FMLA rights freely.

34. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for availing himself to protected FMLA leave.

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 15th day of September, 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*